# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. GONZALEZ, et al., | Case No. 1:14-cv-02090-LJO-SKO |
| Plaintiffs, | |
| v. | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND** |
| HERMAN ABALOS, and CINDY KRUSER, | **OBJECTIONS DUE: 28 DAYS** |
| Defendants. | (Doc. 1) |

## I. INTRODUCTION

On December 31, 2014, Plaintiff Jason A. Gonzalez ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Herman Abalos[1] and Cindy Kruser. Plaintiff also submitted an application to proceed in forma pauperis, which he was ordered to amend. (Docs. 2, 3.) Plaintiff filed an amended application to proceed in forma pauperis in February 2015, which the Court granted. (Docs. 4, 6.) For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be dismissed with prejudice and without leave to amend.

## II. BACKGROUND

Plaintiff alleges that his case stems from a Fresno County Superior Court case where Defendant Abalos gave testimony admitting that he assaulted Plaintiff with his weed eater. (Doc.

---

[1] In the attached police report, Defendant Herman Abalos is identified as "Herman Avalos." (*See* Doc. 1, p. 89.)

1, p. 3.) Defendant Kruser apparently denied ever seeing Defendant Abalos with a weed eater and ostensibly told the police that she saw Defendant Abalos was a cane, which Plaintiff alleges was false. From what the Court can glean from the sparse allegations of the complaint and the voluminous attachments, Plaintiff became involved in an altercation with a man named Kevin Shirey on April 9, 2013.[2] (Doc. 1, p. 88.) Kevin Shirey's girlfriend, Defendant Kruser, reported the altercation to the police. Defendant Abalos, a neighbor of Kevin Shirey, apparently witnessed the altercation when he was outside his home performing yard work. Defendant Abalos reported to police that he had seen someone (later identified as Plaintiff (*see* Doc. 1, p. 91)) advancing on Shirey, and Defendant Abalos attempted to get between the two of them by raising his weed eater at Plaintiff (Doc. 1, p. 90).

Plaintiff claims Defendant Abalos assaulted him during the course of the April 2013 altercation, and Defendant Kruser made false statements about the incident to the police.

### III. DISCUSSION

**A. Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the Court determines the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[2] Plaintiff filed a complaint against Kevin Shirey in this court captioned *Gonzalez v. Shirey*, 1:14-cv-01768-LJO-BAM, pursuant to 42 U.S.C. § 1983. In that case, Plaintiff appears to allege breach of a rental agreement by Mr. Shirey.

*Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may not simply allege a wrong has been committed and demand relief.  The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  (quoting *Twombly*, 550 U.S. at 555, 570).  Further, while factual allegations are accepted as true, legal conclusions are not.  *Id.*  (quoting *Twombly*, 550 U.S. at 555).

**B.     There is No Subject Matter Jurisdiction Over Plaintiff's Complaint**

The Court must determine whether it has the power to consider the claims alleged within the complaint.  Federal courts have no power to consider claims for which they lack subject-matter jurisdiction.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  The Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties (*id.*), and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").  Subject matter jurisdiction to hear a plaintiff's claim must either "arise under" federal law or be established by diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332.  The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his claims.

Plaintiff's complaint is brought pursuant to 42 U.S.C. §1983, but no cognizable Section 1983 claim is alleged and no grounds for relief under Section 1983 exists.  To state a claim pursuant to 42 U.S.C. §1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's assertion that he was assaulted by Defendant Abalos, who is a private actor, does not allege a violation of Plaintiff's conditional rights.  *West*, 487 U.S. at 48.  Moreover, a private individual generally does not act under the color of state law, also an essential element of a

Section 1983 claim. *See Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1987); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) ("Whether the actual individual who inflicted the injuries acted under color of state law is often a threshold question. Individuals do, indeed, have a right to be free from state violations of the constitutional guarantees . . . Individuals, however, have no right to be free from the infliction of such harm by private actors.").[3] As to Defendant Kruser, she is also a private actor, and Plaintiff has failed to allege any constitutional violation arising from her conduct.

At best, Plaintiff's allegations are attempts to state state law claims over which this Court also lacks jurisdiction. In the absence of a claim arising under federal law, the Court may have jurisdiction if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as *any* plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010) (emphasis added). Here, Plaintiff is a citizen of California, and he alleges that Defendant Abalos and Defendant Kruser both reside in Fresno, California. As Defendants have the same state citizenship as the Plaintiff, the Court has no diversity jurisdiction over this matter. *Id.*

**C.    Amendment is Futile**

Ordinarily a pro se plaintiff should be granted leave to amend. Here, however, any amendment to state a Section 1983 claim against private individuals under the circumstances alleged here would be futile. Moreover, even if Plaintiff were able to allege claims under state law, Defendants are both California residents and there is no diversity jurisdiction. Accordingly, leave to amend would be futile and the action should be dismissed with prejudice. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

---

[3] The Ninth Circuit has held that private actors may act under the color of state law where they have assumed a public function, has taken joint action with the government, acted because of governmental compulsion or coercion, or shares a nexus of common goals and ties with the government. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-95 (9th Cir. 2003).

## IV.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 3, 2015**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE